# WHEELING.

DOUGLASS *v.* RUTHERFORD, ADM'R.

Submitted December 10, 1884.—Decided April 18, 1885.

1. Where a person buys land and obtains from his vendor a deed therefor with covenants of general warranty, and the land, at the time it was so purchased and conveyed, was encumbered with a

deed of trust executed by his vendor, such purchaser has the right to have the unpaid purchase-money remaining in his hands applied in discharge of said trust-debt, if the same be not otherwise satisfied.  (p. 713.)

2. If such trust-creditor has secured the whole or any portion of such trust-debt out of the estate of such vendor, such purchaser may compel the trust-creditor to apply the same when received to the satisfaction of the trust-debt.  (p. 713.)

3. If the purchase-money still remaining in the hands of the purchaser together with the amounts so secured to be paid to the trust-creditor out of the property of the vendor be insufficient to satisfy the trust-debt, the purchaser will have the right to compel the trust-creditor to apply to the satisfaction of the trust-debt such part thereof, as may be justly chargeable upon any other lands, charged in said trust-deed with the payment of the trust-debt.  (p.716.)

4. If in such a case the purchaser be sued by his vendor or his personal representative for the purchase-money still remaining in his hands, he may enjoin the collection thereof by such vendor or his representative and compel the application thereof, so far as the same may be necessary for his protection, to the satisfaction of the trust-debt.  (p. 716.)

WOODS, JUDGE, furnishes the following statement of the case :

J. R. Douglass filed his bill in the circuit court of Ritchie county against Archibald Rutherford as trustee, and as administrator of Richard Rutherford, deceased, William Hall, administrator of Thomas H. Reeves, deceased, and against his widow and children, alleging, that on the 9th day of September, 1880, said T. H. Reeves conveyed to him a tract of 108 acres of land in said county with covenants of general warranty at the price of $1,500.00, of which $1,050.00 was then paid, and for the residue he executed to Reeves two notes of $225.00 each, the first of which has been paid, and the last, payable on the 1st of February, 1883, with interest from its date remains unpaid ; that said Reeves has since died, and his administrator has brought suit against the plaintiff before a justice to recover the amount of this last note ; that on the day, and before the deed was made, he learned, that by deed dated January 29, 1880, Reeves had conveyed this land in trust to Archibald Rutherford trustee, to secure to Richard Rutherford a debt of $800.00, payable two years thereafter with in-

terest from that date; that in consequence thereof he hesitated, and declined to complete his purchase, unless said deed of trust was released; that to induce him to do so, Reeves agreed to procure the release of said lien; that at or about the same time said Reeves and Rutherford, trustee and administrator of said Richard Rutherford, then dead, agreed with the plaintiff that a complete release of the trust-deed should be secured to him before the residue of his purchase-money, $450.00, should be paid, and that in consideration of this agreement he accepted the deed from Reeves, and paid $1,050.00, in cash and executed his two notes for the residue; that he afterwards paid to said Rutherford, the first note of $225.00 and its interest amounting to $240.00; that it was agreed between plaintiff, Reeves, and Rutherford that the purchase-money paid by him should be applied to discharge the said trust-debt, but that only about $400.00 thereof has been so applied, leaving an existing lien on said land of between $400.00 and $500.00; that the residue of the $1,290.00 already paid by him has been applied by Rutherford since the death of Reeves to pay other unsecured debts due to him or to the estate of his intestate, and that the estate of Reeves is insolvent, and he therefore prays that the administrator of Reeves and said A. Rutherford administrator of Richard Rutherford, may be enjoined from further prosecuting the said suit for the collection of said last note of $225.00, and for general relief; and thereupon the judge of said court in vacation awarded a preliminary injunction as prayed for.

The defendant Rutherford answered the bill admitting the sale of the land by Reeves to the plaintiff, and the execution of the deed of trust to secure the payment of the debt of $800.00, as stated in the bill, but explicitly denying, that he ever agreed with the plaintiff or Reeves, or with any other person, that he would release the trust-lien on said land, except upon full payment of the trust-debt. He denied that the trust-debt was to be paid out of the down-payment of $1,050.00, or that he applied any part thereof in discharge of any unsecured liability of Reeves to himself or to his intestate since the death of Reeves. He avers that Reeves in his lifetime paid certain sums of money upon individual transactions between them, and it may be possible that he may have used

some of the money received from the plaintiff, but all such payments were made, and the application thereof directed by Reeevs before his death, and that no change in the application thereof has ever since been made. He admits that Reeves, out of the $1,050.00 paid him on that day the sum of $292.26, and that on May 10, 1882, the plaintiff paid to him the $245.12, the amount of his first purchase-money note of $225.00, both of which sums were applied as credits upon said trust-debt, and he avers that there is still due upon that debt $344.98 with interest from May 10, 1882. The administrator of Reeves also answered the bill, admitting the sale at the price alleged, and the existence of the incumbrance thereon of $800.00, but claims that it will be presumed the plaintiff took the land subject to this incumbrance, and that he is not entitled to the relief prayed for. To these answers the plaintiff replied generally, and the cause finally heard upon the bill and exhibits, answers, replications thereto, depositions and also upon the copy of a decree rendered in said court wherein said Archibald Rutherford was plaintiff and the said administrator and heirs of said Reeves, and others were defendants, settling his estate and providing for the payment of his debts, and thereupon it was adjudged, ordered and decreed that the defendant, A. Rutherford, trustee, be required to execute and file in the papers of the cause, a deed properly acknowledged for recordation, releasing to the plaintiff the lien on the said 108 acres of land created thereon by said trust-deed dated January 29, 1880, and that in case he made default in doing so, that a special commissioner thereby appointed for the purpose, should execute such release, that the injunction awarded the plaintiff should, as to the administrator of T. H. Reeves, be dissolved without costs; that said Rutherford, out of the goods of his testator should pay the plaintiff his costs, and that upon the filing of said release-deed the said injunction shall stand dissolved, and the bill shall likewise stand dismissed.

From this decree the defendant Archibald Rutherford, administrator of Richard Rutherford, appealed to this Court.

*C. D. Merrick* for appellant.

*R. S. Blair* for appellee.

WOODS, JUDGE:

The counsel engaged on the trial of this cause have not suggested either in the pleadings or argument that any question of law arises in this controversy, and the only questions involved are questions of fact. The suggestion made in the answer of the administrator of Reeves, that the plaintiff purchased the land subject to the incumbrance of $800.00, then existing thereon, is not only wholly unsupported by the evidence, but the attending circumstances show clearly that such was not the fact. It was never pretended that $1,500.00 was not the full value of the land, and there is no question about the truth of the facts, that at the time the down-payment was made, Reeves paid to Rutherford $292.26, and that he afterwards transferred to him the plaintiff's first note of $225.00, the amount of which $244.12 he collected May 10, 1882, both of which were applied as credits upon the said trust-debt. It clearly appears from the pleadings and proofs that the price of the land was $1,500.00, that on September 11, 1880, when the deed was made and the $1,050.00 paid, the incumbrance amounted to $826.90 and no more; that on that day Reeves paid the administrator of Richard Rutherford $292.26 on account of that debt, and that on May 10, 1882, the proceeds of the plaintiff's first note of $225.00, amounting to $247.50 was also applied on said debt, and that the unpaid residue thereof on May 10, 1882, was only $341.42, with interest from date; and the plaintiff's last note then and still unpaid amounted to the like sum of $247.50, which if also applied to the said trust-debt, there would remain unsatisfied of that incumbrance only the sum of $93.96 as of date, for which the estate of Reeves would be primarily responsible to the estate of Richard Rutherford, deceased, and in case the plaintiff should be compelled to pay the same, then the estate of Reeves would be responsible to him for the same amount. In the determination of this case it is wholly immaterial to the plaintiff, whether there was or was not any agreement made between the plaintiff and Reeves and Rutherford, that said trust-lien should be released before the two deferred payments of his purchase-money should be paid. This land was actually purchased, articles of agreement entered into on September 1, 1880, and the execution of the

deed and the payment of the money and execution of the notes were acts done in pursuance of said articles. Independently of any agreement to do so, it was the duty of the vendor to extinguish and have said trust-lien released, and the plaintiff had the right to insist that his purchase-money should be applied to the satisfaction of said lien. Of this right he seemed to be well informed, before he paid any of his money, for in his answer he distinctly avers " that at or about the time he made the down-payment, it was positively and distinctly agreed between himself, Reeves and Rutherford, trustee and administrator of Richard Rutherford, that a complete relinquishment of the interest under the trust-deed should be secured to the plaintiff, before the residue of the purchase-money, viz: $450.00 should be paid." He had then, and he still has, the right to retain the unpaid purchase-money and to insist upon having it applied towards the satisfaction of any balance still remaining unsatisfied upon the trust-debt. It is true that the plaintiff pretends that in order to induce him to pay the $1,050.00, Rutherford, as the administrator of R. Rutherford, agreed to release the whole debt, and that the trust-debt was to be wholly satisfied out of this down-payment, but this improbable and unreasonable pretension is inconsistent with the alleged agreement that the trust was to be extinguished before the $450.00 were paid, the last half of which would not become due until February 1, 1883, while the trust-debt itself would not become due until January 29, 1882. Rutherford's debt was not due, it bound not only the 108 acres sold to the plaintiff, but also another tract of land particularly described in the deed of trust, of which no notice whatever seems to have been taken in these proceedings, and for aught that appears, that tract of land may be much more than sufficient to indemnify the plaintiff against any possible loss he might sustain by the failure of Reeves in his lifetime to provide for the balance of said trust-debt. A feeble effort was made to prove by the plaintiff's son that the $1,050.00 was in fact paid over to Rutherford by Reeves as soon as he received the money, but it is evident that his statement is entitled to very little weight, for in answer to a question to state what conversation took place at the time the deed was made, the $1,050.00 paid, he said " Papa and I went to

Reeves's to get the deed and pay for the land $1,050.00. Papa asked Mr. Reeves about the mortgage, and Mr. Rutherford said he would release the land. Mr. Rutherford agreed to release the deed of trust before the $1,050.00 was paid." In answer to the question,—" State whether or not the money paid by J. R. Douglass was paid to Reeves; and if so, did Reeves pay it over to any one in your presence?" he said, " He paid it to Reeves, and Reeves gave it to Mr. Rutherford, and Mr. Rutherford counted it and said it was right. Rutherford still had it in his possession when I left, about twenty minutes after the money was paid." Upon cross-examination he was asked by Rutherford : " How was the money in my possession ?" to which he answered, " It was lying on the table by Mr. Rutherford." Being further asked, " How did Reeves give me the money, was he paying it to me, or did he just hand it to me to count ?" to which he answered, " I suppose he was paying it to you on the mortgage." "What was the amount of the mortgage ?" Answer. " I don't know." " Was there anything said as to what the money was to be applied to ?" Answer. " There was not to my recollection." The deposition of the plaintiff himself proves that he paid the $1,050.00 to Reeves, and he without counting it, paid the money over the table to Rutherford, who counted it and said it was all right. The deposition of Rutherford was taken, and it fully sustains his answer. He tells how much money he received, to whom, and upon what debts due from Reeves it was applied, giving names and sums and character of debts, all of which could have been contradicted if in any manner incorrect. He expressly denies that he made any agreement to release the lien until it was paid. He filed as evidence the copy of the decree in the case of *A. Rutherford* v. *The Administrator and Heirs of Reeves*, settling his estate, ascertaining the amount, character and priority of all the debts due from Reeves at his death, which on October 15, 1883, amounted to $2,199.03, and ascertained that the personal assets belonging to said estate applicable to the payment of these, which would come into the hands of his administrator, amounted on the same day to $1,254.47, which the administrator was directed to collect and pay the same ratably on the several debts, included in said aggregate of $2,199.03, and then directs the

sale of 188 acres of land owned by Reeves at the time of his death, and the proceeds thereof to be applied first to pay a preferred debt of $660.70 to said A. Rutherford, included in said aggregate, and the balance ratably upon all the other debts. Among the debts so ascertained and provided for is one of $399.50 to Richard Rutherford, deceased, shown by the testimony of the administrator of Reeves, to be the balance remaining unpaid on said trust-debt on October 15, 1883. Excluding from the $1,254.47 of personal assets which will come into the hands of the administrator of Reeves for the payment of said debts, the sum of $266.76, the amount of the plaintiff's last purchase money-note of $225.00 and interest thereon to October 15, 1883, which was doubtless included in said sum of $1,254.47, there will still remain to be distributed ratably upon the said debts the sum of $987.71, which will pay about forty-five *per cent.* upon each of said debts, and upon $399.50 the balance of said trust-debt the sum of $179.42, without taking into consideration the residue of the proceeds of the sale of the 188 acres of land, which will remain after the payment of the preferred debt of A. Rutherford of $660.70.

From what has been said it is evident that the funds to be realized from the estate of Reeves, when added to the amount still due from the plaintiff will be more than sufficient to discharge the balance of said trust debt.   While the plaintiff is entitled to be fully indemnified against this trust-lien on his lands, it must be borne in mind that the defendant Rutherford, has taken no steps whatever to enforce this demand against the plaintiff's land, nor does the plaintiff allege that he has done or attempted to do so, nor that he is in any degree responsible for the act of the administrator of Reeves, in bringing suit for the recovery of said last installment of $225.00 of purchase-money.   On the contrary Rutherford has prosecuted to final decree his suit against the administrator and heirs to said Reeves, and has therefore provided and secured for the plaintiff from his estate more than enough to save him from all possible loss.   Before the plaintiff's suit can be finally heard the court should by its commissioners ascertain the exact amount of said trust-debt still unsatisfied, whether any, and if any, what portion of this unpaid balance

has been or will be realized out of the estate of said Reeves, and if deemed necessary for the plaintiff's indemnity, how much of said trust-debt is properly chargeable on the tract of land specified in said trust-deed described therein, as being the tract conveyed by II. H. Douglass, trustee, to T. H. Reeves by deed dated August 13, 1878, recorded in Ritchie county in deed book No. 20, pages 97 and 98, and whether the whole or any part of the last instalment of purchase-money still due from the plaintiff to said Reeves, will be required to satisfy said trust-debt, and having ascertained these facts, the circuit court shall credit said trust-debt with the sum of $292.26 as of the date of September 11, 1880, $247.47 as of the date of May 10, 1882, then with the amount that may be realized by Rutherford from the estate of Reeves, when received, and then with so much of said last instalment of $225.00 still due from the plaintiff as may be required, and lastly if the same be necessary for the purpose, with so much of said trust-debt as may be properly chargeable upon, and realized from that other parcel of land mentioned in said deed of trust, until the plaintiff be fully indemnified; when the injunction heretofore awarded must, as to so much of said last instalment as shall be applied to said trust-lien be made perpetual, and as to the residue thereof dissolved.

The decree of the circuit court of Ritchie county rendered in this cause on March 1, 1884 must be reversed with costs against the appellee J. R. Douglass, and remanded to the said circuit court for further proceedings therein to be had, according to the principles settled in this opinion and according to the rules and principles governing courts of equity.

REVERSED.    REMANDED.